GEORGE E. NASH, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*A railroad accustomed to give the statutory signals at a private crossing — liable for injuries occasioned by its failure to do so.*

Upon the trial of an action, brought to recover damages for injuries alleged to have been caused by the negligence of the defendant, it appeared that the accident happened at a private road crossing about 1,000 feet south of a tunnel on the defendant's road; that the defendant had treated the crossing as a public highway, so far as to put up the usual crossing signal post, about 1,500 feet from the crossing, and to give the usual statutory signals as required at public highways.

*Held,* that, although it was a private crossing, the defendant had, by its established use of the statutory signals at this point, imposed upon itself the same liability as if it were a highway crossing made by law; that as the plaintiff, having acted upon the faith of such usage of the defendant, had been injured by reason of its failure to give the signals required by the statute, he was entitled to recover.

APPEAL by the defendant from a judgment rendered at the Rockland County Circuit, upon the verdict of a jury, for the sum of $2,434.72, which was entered in the office of the clerk of Rockland county on June 15, 1888; and also from an order denying the defendant's motion for a new trial, made upon the minutes of the justice presiding at the trial, which was entered in the office of the clerk of Rockland county on May 14, 1888.

*Calvin Frost,* for the appellant.

*Clarence R. Conger,* for the respondent.

BARNARD, P. J.:

The evidence shows that the accident in question happened at a private road crossing, about a thousand feet south of the tunnel under the river range of hills in Rockland county, south of Haverstraw. The defendant had treated the crossing as a public highway, so far as to put up the usual signal posts about 1,500 feet from the crossing, and to give. the usual statute signals, as required for public highways. " The usual signals were given " is the testimony of one of the persons engaged in running the trains. Then, on proof to the contrary, and the jury having found that none were given on

that occasion, negligence is thus made out, if the omission to give the signals caused the accident.

Although it was a private crossing, the defendant had, by establishing a custom for warning persons using the way, of the approach of the trains, made the liability the same in legal consideration as at highway crossings made by law. The plaintiff acted on the custom, and the defendant failed to observe it. Negligence was thus proven. As to the contributory negligence of the plaintiff, there was evidence on both sides of the controversy. The proof tended to show that towards the south, from which the train was approaching, the view from the private road is entirely broken at places and obstructed at other parts of the way. Some of the obstructions were caused by the defendant. There is the ordinary inference that the plaintiff did not heedlessly expose his own life and the life of his wife, who was with him and was killed; and there is direct proof that the signals were not given, and he testifies that he was as watchful as the surrounding country and the obstructions permitted. The jury have found that he acted prudently, and the proof supports the finding.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed with costs.